JOHN SHELDON, APPELLANT, *v.* ELSIE BUTTON, IMPLEADED WITH JAMES BUTTON AND OTHERS, RESPONDENTS.

*Married woman — earnings of — when her own property — right of creditor of husband to — Statute of distributions — Gift mortis causa — promissory note.*

Since the passage of the act, chapter 200 of the Laws of 1848, the compensation earned by a married woman for services rendered to third persons — if the husband waives his claim thereto and permits her to enter such employment and to receive the compensation — is her property and not liable for his debts.*

A debtor has no right to give his services to his wife gratuitously, when he has no property with which to pay his creditors.

The statute of distributions directs in whom the property of a deceased person vests on his decease; and the mere possession of such property by a person not authorized by the statute to take it, will not raise a presumption that such person is entitled to it. In order to prevent the statute from taking effect, a title under a will or other mode of transfer must be shown.

The delivery by one brother about entering the army to another of a promissory note, with directions to give it to his mother should he not return alive, is not a valid gift to the mother. (*Irish* v. *Nutting*, 47 Barb., 370.)

APPEAL from a judgment in favor of the defendants, entered on the report of a referee, in an action in the nature of a creditor's bill, brought to reach equitable interests of James Button in property in the hands of the other defendants.

*S. Hubbard*, for appellant.    *A. J. Abbott*, for respondents.

Opinion by MULLIN, P. J.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed and a new trial granted before another referee, costs to abide event.

* See *Beau* v. *Kiah* (4 Hun, 174) for the law in cases in which the husband does not assent to the services being performed by his wife.